HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS INC.,

    Plaintiff,

  v.

ROSS ISLAND SAND & GRAVEL CO.,
an Oregon corporation,

    Defendant.

Case No.  2:20-cv-00723-RAJ

ORDER

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion for default judgment.  Dkt. # 8.  Having reviewed the record, the Court **GRANTS** the motion in part.

## II.   BACKGROUND

Plaintiff Northwest Administrators Inc. is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust"). Dkt. # 1 ¶ 1.1.  The Trust provides retirement benefits to eligible participants. *Id.* ¶ 1.2. Defendant Ross Island Sand & Gravel Co., an Oregon corporation, entered a collective bargaining agreement with Locals 81, 162, and 305 of the International Brotherhood of Teamsters.  *Id.* ¶¶ 1.3, 3.1.  Under that agreement, Defendant is required to report and pay monthly contributions to the Trust.  *Id.* ¶ 3.1.

ORDER – 1

On February 1, 2019, Defendant withdrew from the Trust. *Id.* ¶ 3.3. Through Defendant's Employer-Union Certifications with Teamsters Local 81, 162, and 305, Defendant agreed to be bound by a trust agreement, the Western Conference of Teamsters Pension Trust Agreement and Declaration of Trust ("Agreement"). Dkt. # 9 ¶¶ 4, 10-12. Under the Agreement, if Defendant withdraws from the Trust, it must pay an "amount determined under this Supplement to be the withdrawal liability." Dkt. # 9-1 at 30. The Trust calculated Defendant's withdrawal liability to be $80,825.40. Dkt. # 9 ¶ 14.

The Trust notified Defendant of this liability twice. On November 8, 2019, the Trust sent a demand letter to Defendant. *Id.* ¶ 16. Then, on March 9, 2020, the Trust sent another demand letter, referencing its previous letter and notifying Defendant that it failed to pay its withdrawal liability. *Id.* ¶ 18; Dkt. # 9-1 at 62. Defendant received both letters. *Id.* ¶¶ 17, 19.

Plaintiff is now suing Defendant for failing to pay its withdrawal liability. Plaintiff also seeks liquidated damages, interest, attorney's fees, and costs. Dkt. # 1 at 4. To that end, Plaintiff filed a complaint in this Court on May 13, 2020. *Id.* Defendant's registered agent, Karen Kane, was then properly served on May 19, 2020. Dkt. # 5. Defendant failed to respond to the complaint, and Plaintiff moved for an entry of default on June 22, 2020. Dkt. # 6. The next day, the Clerk granted the motion and entered default. Dkt. # 7. Plaintiff has since moved for default judgment, Dkt. # 8, and Defendant has again failed to respond.

### III. LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible. *Cmty.*

ORDER – 2

*Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," then the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, No. 2:13-cv-00626-JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Because deciding for or against default judgment is within a court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210-11 (W.D. Wash. 2014).

## IV.  DISCUSSION

Plaintiff's evidence establishes that Defendant indeed withdrew from the Trust and thus, under the Agreement, incurred "withdrawal liability." Dkt. # 9 ¶ 13; Dkt. # 9-1 at 30. Plaintiff has supplied evidence showing that, based on its calculations, the withdrawal liability totals $80,825.40. *Id.* at 54. Defendant has not paid that amount. *Id.* at 62.

Under the Agreement, delinquent contributions are further subject to interest,

ORDER – 3

liquidated damages, reasonable attorney's fees, and costs. Dkt. # 9-1 at 14. Specifically, for liquidated damages, Defendant must pay twenty percent of the delinquent contribution. *Id.* Plaintiff correctly states that, because Defendant failed to pay its withdrawal liability, Defendant owes $16,165.08 in liquidated damages. Dkt. # 9-1 at 68. Further, Plaintiff has presented evidence of attorney's fees and costs. Dkt. # 8-1 at 4. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The Court finds that Plaintiff's evidence supports an attorney fee award of $918.60 and costs of $465. Dkt. # 8-1 at 4.

In total, Plaintiff has provided adequate evidence of damages: withdrawal liability ($80,825.40), liquidated damages ($16,165.08), attorney's fees ($918.60), and costs ($465). The Court finds that the evidence supports these figures.

Plaintiff's documentation of accrued interest, however, is lacking. Plaintiff only provides interest calculations from January 10, 2020 to March 19, 2020. Dkt. # 9-1 at 66. During that period, Plaintiff states that $451.81 in interest accrued at an interest rate of 4.75 percent. *Id.* Without any additional evidence or calculations, Plaintiff states that the interest from March 19, 2020 through August 10, 2020 (the day before the motion was filed) rose to $1,986.85. *Id.* at 68; Dkt. # 9 ¶ 22. Plaintiff's evidence does not show what interest rate was applied after March 19, 2020 and any resulting calculations. The Court will not take on trust alone that this calculation is correct.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ORDER – 4

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** Plaintiff's motion. Plaintiff's counsel is ordered to provide the Court with an updated accounting of the amount of interest owed within <u>fourteen (14) days of this order</u> so that judgment may be entered.

DATED this 14th day of January, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5